IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KIRKLAND AUDIO, LLC; GERALD KIRLAND,** | ) ) ) | |
| **Plaintiffs,** | ) ) ) | |
| v. | ) ) | Case No. CIV-20-238-SPS |
| **BMG SALES, LLC; JASON PAUL BLAKE,** | ) ) ) ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

This matter comes before the Court on motion by Defendant Jason Paul Blake for dismissal of the Plaintiffs' claims against him for failure to state a claim. For the reasons set forth below, the Court finds that the Defendant's Motion to Dismiss Defendant Jason Paul Blake [Docket No. 13] should be hereby GRANTED.

## BACKGROUND

Plaintiffs Kirkland Audio, LLC and Gerald Kirkland brought this Complaint as to Defendant BMG Sales, LLC and Jason Paul Blake. This case arises out of a dispute among the parties regarding trademark infringement and unfair competition related to Defendants' use of Plaintiffs' goods and a display fixture in Poteau, Oklahoma. Plaintiffs allege in their Complaint that the Defendants disassembled a display fixture bearing their trademark and used it to sell products made by entities other than the Plaintiffs. *See* Docket No. 2, p. 2, ¶ 8. The fixture had four components, valued at or above $10,000.00. *See* Docket No. 2, p. 4, ¶ 15-16. After disassembling the display fixture, the Defendants placed one

component on a "personally owned UTV" and used it to sell products not made by the Plaintiff. Furthermore, when Plaintiffs requested the return of the display fixture, Defendants returned it with the frame and only one of the four components. *Id.*, ¶¶ 21-23. The Plaintiffs allege that Defendants refused to pay for the missing components.

The Plaintiff's Complaint sets out the following enumerated causes of action: (I) Federal Trademark Infringement, (II) violation of Lanham Act Section 43(a), (III) common law trademark infringement, (IV) common law unfair competition, (V) unjust enrichment, (VI) conversion, (VII), misappropriation of name or likeness, (VIII) misappropriation of business opportunity, and (IX) tortious interference. *See* Docket No. 2, pp. 7-10. Each count simply states that it repeats the factual allegations already made and asserts that "[t]he acts of Defendants'" constitute the alleged cause of action. *Id.* Defendant Blake has moved to dismiss the claims against him, asserting that the claims do no establish personal liability and should therefore be dismissed. Plaintiffs failed to timely respond to Defendant Blake's motion, and this Court directed them to show cause as to why the Motion to Dismiss should not be granted. *See* Docket No. 18. Rather than respond to this Court's Order, the Plaintiffs then filed without leave a summary response to the pending motion to dismiss, indicating, *inter alia*, that Defendant Blake is the President and registered agent of BMG Sales, LLC; and that he communicated with one of the Plaintiffs' sales representatives and made all decisions regarding the conduct at issue in the Complaint. *See* Docket No. 19, ¶¶ 1-7. Although not obligated to do so, the Court chooses to address the motion to dismiss on the merits rather than strike the response as untimely. For the reasons set forth below, the Court finds that the Motion to Dismiss

should be GRANTED, and that the Plaintiffs should be given fourteen days to file an Amended Complaint.

## Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain,* 478 U.S. 265, 286 (1986). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555-557, 570 [internal quotation marks omitted]. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in h[is] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). This requires a determination as to "whether the complaint sufficiently alleges facts supporting

all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007), *quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Defendant Blake correctly points out in his motion to dismiss that Plaintiffs have alleged no facts establishing Defendant Blake's personal liability in their Complaint, although the Court notes the Plaintiffs' attempt to assert additional facts in their response. However, that is impermissible at the dismissal stage.[1] *See Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) ("When a party presents matters outside of the pleadings for consideration, as a general rule, the court must either exclude the material or treat the motion as one for summary judgment.") (*quotation omitted*). Here, there are no specific allegations in Plaintiffs' Complaint as to Defendant Blake. Having reviewed the Plaintiffs' claims *as to Defendant Blake*, the Court therefore finds that none of the claims set forth sufficient detail to satisfy the claims alleged. *See Iqbal*, 556 U.S. at 678, ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."), *quoting Twombly*, 550 U.S. at 555-557,

---

[1] Because the Court declines to consider them, the Court likewise declines to address whether these additional facts would be sufficient to survive dismissal if considered.

570 [internal quotation marks omitted].  In short, the statement of the claim must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*

Finally, the Court notes that the Defendants' Motion to Dismiss failed to comply with Local Civil Rule 7.1(o), which requires all motions to dismiss to "include a section explaining why an amendment to the complaint or petition would be futile."  However, the Court notes that the Plaintiffs' Response included additional facts indicating that, at this stage, amendment of the Complaint would not be futile.  Accordingly, the Court finds that Plaintiffs should be given fourteen days to file an Amended Complaint.

## CONCLUSION

Consequently, IT IS ORDERED that the Defendant's Motion to Dismiss Defendant Jason Paul Blake [Docket No. 13] is hereby GRANTED, and that the Plaintiffs may file an Amended Complaint within fourteen days.

**DATED** this 21st day of December, 2020.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**